UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NAJEE RICHARD,

           Plaintiff,

      v.                                                Case No. 24-cv-0873

TAMI SCHULT et al.,

           Defendants.

## DECISION AND ORDER

Plaintiff Najee Richard, an inmate at Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. § 1983 action. On November 4, 2024, Defendants Tami Schult and Sabrina Jones filed a motion for summary judgment on the ground that Richard failed to exhaust the administrative remedies before initiating this action. Dkt. No. 39. For the reasons explained below, the Court will grant the motion and dismiss this action without prejudice.

## PRELIMINARY MATTERS

Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). Defendants submitted proposed findings of fact in support of their summary judgment motion in compliance with the local rules. *See* Dkt. No. 41.

The rules also require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to each paragraph. Civil L. R. 56(b)(2)(B). Any

uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

Defendants, as required by the local rules, included Fed. R. Civ. P. 56, Civil L. R. 7, and Civil L. R. 56 along with their motion for summary judgment. *See* Dkt. No. 39. Moreover, the day after Defendants moved for summary judgment, the Court entered a notice and order informing Richard that he was required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact." The Court informed him that "[h]e can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746. The Court warned Richard that if he "does not respond to a proposed fact, the Court will assume that Richard does not dispute the proposed fact and will accept the proposed fact as true . . . ." Dkt. No. 44 at 1-2.

On December 2, 2024, in response to Defendants' motion for summary judgment, Richard filed a legal brief, but he did not respond to Defendants' proposed facts, nor did he file any documents or a declaration to support his response. Accordingly, as Richard was warned, Defendants' proposed facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same).

With these considerations in mind, the Court turns to the substance of Defendants' summary judgment motion.

## FACTUAL BACKGROUND

Richard is proceeding on an Eighth Amendment claim based on allegations that, on March 16, 2023, Defendants ordered him to use rotten potatoes to prepare inmates' food and a First

2

Case 2:24-cv-00873-SCD   Filed 01/21/25   Page 2 of 8   Document 48

Amendment claim based on allegations that one of the Defendants retaliated against him after he complained about the rotten potatoes. Richard submitted three inmate complaints about these allegations. The first was submitted on April 2, 2023. Dkt. No. 42-2 at 14. On April 6, 2023, the inmate complaint was returned to Richard because he did not provide proof of his efforts to informally resolve the issue before he submitted the inmate complaint. Richard was instructed to exhaust "[a]ll three levels of the Chain of Command," and was given until April 20, 2023 to resubmit his inmate complaint. Richard was warned that "[f]ailure to follow the time limits . . . may result in [his] complaint being rejected. Dkt. No. 42-2.

On June 25, 2023, nearly seventy days after the deadline to correct his submission, Richard submitted a second inmate complaint along with the required proof of his attempts to informally resolve the issue. He asserted that his submission was late because the institution had been on modified movement and was short-staffed, so he had to wait for staff to respond and to get copies of his supporting documents. Dkt. No. 42-2 at 11-13. The responses to Richard's information requests, which was the proof of his efforts to informally resolve his issue, were dated March 23, March 29, and April 11, 2023—months before he resubmitted his inmate complaint. *Id.* at 16-24.

The institution complaint examiner rejected Richard's second inmate complaint as untimely because it was filed beyond the deadline to correct the original submission, noting that Richard had not provided any evidence to show he had been inhibited in any way from using the inmate complaint review system. The warden affirmed the rejection on July 5, 2023. On August 29, 2023, Richard filed a third inmate complaint with the same allegations. It was summarily rejected as having already been addressed. Dkt. No. 41 at ¶¶4-8; Dkt. No. 42-2 at 3, 6.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might

3

affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Federal courts "take[ ] a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Wisconsin's exhaustion procedures are outlined in the Wisconsin Administrative Code. Under the Code, an inmate must first "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before "filing a formal complaint." Wis. Admin. Code § DOC 310.07(1). If a resolution is not reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." *Id.* at § DOC 310.07(2). Once an inmate complaint is filed, the institution complaint examiner may return, reject, or accept the

4

inmate complaint. *Id.* at § DOC 310.07(1), (3)-(5). If an institution complaint examiner *returns* an improper inmate complaint, the inmate will be given an opportunity to correct and resubmit the inmate complaint. *Id*. at § DOC 310.10(5). An institution complaint examiner may *reject* an inmate complaint for various reasons, including if an inmate complaint is untimely. *Id.* at § DOC310.10(6). An inmate complaint "rejected solely on the basis of untimeliness" does not satisfy the PLRA's exhaustion requirement." *Edmondson v. McCaughtry*, 157 F. App'x 908, 910 (7th Cir. 2005) (citing *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)).

Richard does not dispute that his original inmate complaint was properly returned to him with an opportunity to resubmit it along with proof of his efforts to informally resolve the issue. Nor does he dispute that he resubmitted the inmate complaint nearly seventy days after the deadline to do so. Richard argues, however, that his failure to timely resubmit the inmate complaint should be excused because the administrative remedies were unavailable to him. According to Richard, "his cognitive and literacy limitations directly impacted his ability to understand and navigate the administrative grievance process," making the process "opaque and incomprehensible." He asserts that "Defendants were aware of [his] limited reading and comprehension but failed to assist him in filing grievances and understanding the process," thereby rendering the administrative remedies unavailable to him. Dkt. No. 46 at 2-3.

Richard's argument fails because he provides no evidence to support his conclusion that the administrative remedies were unavailable to him. Despite the Court informing Richard that he must cite to admissible evidence, Richard merely raises the unavailability argument in his legal brief without filing any admissible evidence, such as a declaration or relevant documents, to support the argument. As the Seventh Circuit has explained, "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901

5

(7th Cir. 2003) (citations omitted). Richard has provided no evidence to suggest that he was unable to understand the grievance requirements because of severe cognitive challenges.

Indeed, the admissible evidence severely undercuts Richard's unsupported assertion that he was unable to understand the exhaustion requirements. Richard submitted his first inmate complaint on April 2, 2023, seventeen days after the alleged March 16, 2023 incident. Although the submission was filed more than fourteen days after the alleged incident, the institution complaint examiner exercised her discretion to allow the late submission and instructed Richard to provide proof of his efforts to informally resolve the issue. Per an information request dated March 19, 2023, Richard had already tried to informally resolve the issue with his unit manager. The unit manager had instructed Richard to direct his inquiry to the deputy warden and "the CMSD," which Richard did days later on March 29, 2023. When Richard submitted his first inmate complaint, he had not, however, raised his concerns with the Food Service Administrator, which the institution complaint examiner stated in her return letter was required. The same day that Richard received the return letter, he sent an information request to the Food Service Administrator; she responded a few days later, on April 11, 2023, informing Richard that the "situation has been addressed." Dkt. No. 42-2 at 16-23.

Richard's efforts to informally resolve his concerns before submitting his first inmate complaint demonstrate that he was fully aware of and understood the exhaustion requirements. His prompt action to comply with the instructions in the return letter also show a sophisticated level of comprehension. The record shows that Richard had the proof the institution complaint examiner required well in advance of the deadline by which she instructed him to re-submit his inmate complaint. It is unknown why, after Richard's diligent efforts to informally resolve his concerns, he failed to resubmit his inmate complaint by the deadline. But the record does not support a conclusion that he failed to do so because he did not understand the exhaustion requirements. In fact, in his second inmate complaint Richard noted only that he had to wait for

6

responses and copies—he makes no mention of his inability to understand the requirements. The institution complaint examiner reasonably rejected Richard's vague and unsupported excuses for filing the second inmate complaint after the deadline, and the Court will not second-guess her decision.

In short, because Richard failed to timely submit his second complaint and because the record does not support a conclusion that the administrative remedies were unavailable to him, the Court concludes that Richard did not exhaust the administrative remedies before he brought this lawsuit. Defendants are therefore entitled to summary judgment and this case must be dismissed without prejudice.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 39) is **GRANTED** and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of January, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.